## Peter Donlevy

*v.*

## Catharine Montgomery *et al.*

| 66 | 227 |
|---|---|
| 99a | 646 |
| 66 | 227 |
| 198 | 382 |

Witness—*competency of party under act of* 1867. On bill by the widow and heirs of a deceased mortgagor, against the mortgagee, to have an account taken of the sum due, it appearing that the deed did not express the true amount, and for redemption from the same, the complainants introduced a witness, not an agent or party to the suit, to testify, not to any particular transaction, but to a conversation occurring between the mortgagor, in his lifetime, with the defendant, and then two of the complainants testified to conversations with the defendant after the death of the mortgagor. Upon this, the court below permitted the defendant to testify generally as to the dealings and transactions between him and the mortgagor, in his lifetime: *Held*, that, under the act of 1867, the defendant's testimony should have been limited to the conversations testified to by the complainants and their witness.

Appeal from the Circuit Court of LaSalle county; the Hon. Edwin S. Leland, Judge, presiding.

Mr. J. C. Champlin, for the appellant.

Mr. Justice McAllister delivered the opinion of the Court:

This was a suit in equity, brought in the LaSalle circuit court, by appellees, in their representative capacity as widow and heirs of Robert Montgomery, deceased, against appellant, Donlevy, and others, to have the interest which appellant claimed to have in certain real estate declared to be that of mortgagee of said Robert Montgomery, deceased; to have an accounting to ascertain the amount due, and for appellees to be allowed to redeem by paying the amount so found due; and if the amount for which the mortgage was actually given had been fully paid, as appellees claimed it had, that, then, the mortgage be declared satisfied. The bill waived the necessity of answer under oath.

There was an answer by Donlevy, setting up the defense that the mortgage, although purporting to have been given for $11,432, was given for a feigned consideration, except as to the sum of $2719 actually loaned by him to Montgomery; that it was so made to hinder and delay creditors, and the statute of frauds was insisted upon; also set up that, March 30, 1861, there was due him from Montgomery the sum of $4325.61, upon settlement made at that time.

Issue having been taken upon the answer by replication, the cause was heard upon the pleadings and proofs. The court found the sum of $4500 due, and decreed a redemption upon appellees paying that amount. Donlevy appealed to this court, and his counsel has assigned various errors.

We are of opinion that the only substantial error in the record was in favor of appellant. Appellees sued as widow and heirs of Robert Montgomery, who died November 18, 1865. They introduced, in the first place, a witness, not an

agent or a party to the suit, or interested therein, to testify, not to any transaction, but to a conversation occurring between Robert Montgomery, in his lifetime, and Donlevy. Then, in the second place, two of the complainants offered themselves as witnesses, and testified to conversations with Donlevy after the death of Robert Montgomery. Upon this, the court, against the objections of appellees' counsel, permitted Donlevy to testify generally as to the dealings and transactions between him and Robert Montgomery, in his lifetime. The very amount found due is based upon this testimony alone, and against very strong and convincing acts and declarations of Donlevy, tending to show that nothing was due. By the third and fourth sub-divisions of the act of 1867, which alone are applicable to the circumstances here, Donlevy should have been limited in his testimony to the conversations testified to by appellees' witnesses or themselves. He could either deny or qualify the admissions or declarations imputed to him; but the introduction of evidence of such admissions or declarations, without other original evidence as to the transactions to which they related, would not justify making himself a general witness as to the transactions themselves.

But, inasmuch as there is no assignment of error by appellees, we must affirm the decree.

*Decree affirmed.*