## City of Flora v. Francis M. Pruett, Adm'r.

1. APPELLATE COURT—*Practice — Errors Assigned Not Argued — Waiver.*—Where errors are assigned, and not urged by calling the attention of the court to them in a brief or argument, they will be held to have been waived or abandoned.

2. NEGLIGENCE—*Proximate Cause—Usually a Question of Fact.*— What is a proximate cause, and what is a natural or reasonable result, must be determined from the facts of each particular case, and are not usually questions of law for the court to determine, but questions of fact for the jury.

3. SAME—*Where the Parties Contribute to the Cause.*—It is no defense that the negligence of a third party contributed to cause the injury, if the negligence of the defendant was an efficient cause of it.

**Action for Damages.**—Death from negligent act. Trial in the Circuit Court of Clay County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

SOL. T. FINCH, HOFF & HOFF and H. W. SHRINER, attorneys for appellant.

J. O. BURTON and KRAMER, CREIGHTON & SHAEFFER, attorneys for appellee.

Mr. Justice Creighton delivered the opinion of the court.

This was an action on the case, in the Circuit Court of Clay County, by appellee, as administrator of the estate of Charles S. Pruett, deceased, against appellant, to recover damages resulting to the next of kin from the death of deceased, alleged to have been caused by negligence on the part of appellant. The declaration is in the usual form. Plea, not guilty. Trial by jury. Verdict for appellee for $700. Motion for new trial entered by appellant and overruled by the court, and judgment against appellant on the verdict.

Of all the errors assigned, none are urged by counsel for appellant except that the verdict is contrary to the law and the evidence, and that the court erred in entering judgment against appellant on the verdict of the jury.

Where errors are assigned, and not urged by calling the particular attention of the court to them in the brief or argument, they will be held to have been waived or abandoned. Edward Abend, Adm'r, v. Endowment Fund Commission of McKendree College et al., 174 Ill. 96.

The evidence clearly establishes or tends strongly to prove the following state of facts: Appellant maintained within its corporate limits, near the center of the city, a public park covering one square of ground, around which extended public streets and sidewalks. This park was used as a public resort and playground for children. Around this park appellant maintained a public hitch rack, for the especial accommodation of country people who might come to the city with teams.

Appellant had been in the habit of placing lumber in the southeastern portion of the park, but this portion was not in any manner fenced off or separated, either from the remainder of the park or from the sidewalk. In the latter part of July, 1897, appellant caused a lot of lumber to be stacked therein. The lumber consisted of oak scantlings 4 x 4 and 4 x 6 about 12 feet long. It was stacked near the sidewalk, probably as close as eighteen inches to the sidewalk along the south side of the park, parallel with the

sidewalk, and was stacked in tiers, without " ties." As first stacked it was about four or five feet wide and about four and one-half feet high.

Some of the lumber had been removed from the north side of the top of the stack, leaving it higher at the south side. It leaned toward the south. The stack was not firm. One witness testified that he observed some days before the injury, that when he put his hand on it, it would shake.

About the last day of August or first of September, under directions of the city marshal, a piece of timber prepared at this place, to be used as a bell post, was left there, and was by some one placed leaning against the north side of the lumber stack, one end on the ground and the other against the top of the stack.

On the 11th day of September, 1897, about two o'clock in the afternoon, appellee, who resides in the country, about four miles from the city, came to the city in a wagon, bringing with him his three children, Jefferson, Clarence and the deceased, a boy nine years old. On arriving in the city, appellee hitched his team to the rack on the south side of the park, near the lumber stack in question, as he had done on former occasions. About four o'clock he and his children went to the team for the purpose of starting home, and while there, appellee engaged in conversation with a stranger, and while so engaged deceased told appellee he wanted to go home, and appellee said for him to go away awhile and he would be ready soon. Deceased walked off, and appellee did not notice where he went, but supposed he went to the park benches. Deceased went to the vicinity of the lumber stack, which was about ten or fifteen feet away from where appellee was standing, and stood or sat on or near the sidewalk on the south side of the stack. A number of boys were playing about the stack, among them one about seventeen years old, who was sliding down the bell post, on the north side of the stack, when the stack fell over toward the south, on deceased, killing him instantly. Counsel for appellant contend that appellee, the deceased

child's father, in whose care and custody the child was, did not exercise that degree of care and caution for the child's safety which the law requires to warrant a recovery; that the lumber was not negligently stacked nor allowed to become and remain in a dangerous condition, and that deceased was a trespasser in being at the place he was, at the time he was killed.

Under the evidence in this case all these were questions of fact for the jury to determine. Counsel for appellant also contend that the negligence complained of was not the proximate cause of the injury sustained; that it is not the natural and reasonable result of appellant's acts, and that the act of the big boy in sliding down the bell post was a negligent act and was the proximate cause of the death of deceased.

What is a proximate cause, and what is a natural or reasonable result, must be determined from the particular facts of each particular case, and are not usually questions of law for the court to determine, but questions of fact for the jury.

It is no defense, that the negligence of a third party contributed to cause the injury to the plaintiff, if the negligence of the defendant was an efficient cause of the injury. The Village of Carterville v, Cook, 129 Ill. 152.

In the above cited case a boy about fifteen years old, while passing along the sidewalk of a village, was, by the negligent act of a boy in shoving another boy against him, thrown off the sidewalk and seriously injured, at a point where the sidewalk was elevated six feet above the ground, and where the village had neglected to place a railing. It was held that the village was liable, notwithstanding the primary cause of the injury was the act of another party.

We find nothing in this record to warrant us in holding that the verdict of the jury is contrary to the evidence or the law, nor that the court erred in entering judgment against appellant on the verdict.

The judgment of the Circuit Court is affirmed.