## F. K. Hornung, Appellee, v. Decatur Railway and Light Co., Appellant.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside upon review as against the preponderance of the evidence unless clearly and manifestly so.

2. CONTRIBUTORY NEGLIGENCE—*how question to be determined.* Whether a plaintiff has been guilty of contributory negligence which resulted in his injury, is a question of fact, where the evidence is conflicting, to be determined by the jury.

3. INSTRUCTIONS—*when upon assessment of damages, will not be reviewed.* In the absence of a claim that the verdict is excessive, assignments of error respecting the propriety of instructions given upon the question of damages will not be considered.

Action in case for personal injuries. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

HUGH CREA and HUGH W. HOUSUM, for appellant.

A. G. WEBBER, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment recovered by appellee against appellant for the sum of $1,500 as damages for personal injuries alleged to have been sustained by reason of the negligence of appellant. The first count of the declaration charges that appellee was driving a horse hitched to a wagon, upon and along North Water street, in the city of Decatur; that when he reached a certain place on said street it became necessary for him to drive across the tracks of appellant's street car line; that while he was so doing, one of the appellant's cars, which was being run at a high and dangerous rate of speed, ran into his wagon and injured him. The second count charges the failure of the motorman to reduce the speed of the car.

The evidence tends to establish the material allega-

tions of the declaration. The motorman in charge of the car testified that when he noticed appellee he was about 100 feet distant; that the car at the time was running at the rate of thirty miles an hour, and that he saw that appellee was in danger and rang the bell. There is evidence tending to show that after the car had struck appellee it ran from thirty to ninety feet further before stopping. The motorman also testified that at the rate the car was running it could have been stopped within sixty feet, and the conductor testified that it could have been stopped within forty or fifty feet. While the evidence is somewhat in conflict, we are unable to say that the jury were not warranted in finding both that the car was being run at a dangerous rate of speed under the circumstances and that the motorman failed to properly bring the car under control when he noticed that appellee was attempting to cross the track.

It is urged that appellee was guilty of contributory negligence. He testified that at the time he attempted to cross the tracks the wind was blowing hard, and that he did not hear the car approaching; that he looked toward the north for the distance of a block, and seeing nothing, started to drive across the track. The question as to what constituted due care on the part of appellee under the circumstances, was peculiarly one of fact for the jury. Inasmuch as its findings upon the issue was not manifestly contrary to the evidence, we are not disposed to disturb the same.

It is not urged that the verdict is excessive. It is therefore unnecessary to consider the alleged error in the instructions relative to the assessment of damages. We find no prejudicial error in the rulings of the court on the instructions or the evidence.

The judgment of the Circuit Court is affirmed.

*Affirmed.*