Louis P. Tebow, by his next friend, Appellee, v. Wiggins Ferry Company et al., Appellants.

1. NEGLIGENCE—*liability for concurring.* If a defendant is guilty of acts of negligence which of themselves or in connection with an act of negligence of another party cause the injuries complained of, it is liable.

2. NEGLIGENCE—*what modification of instruction proper. Held,* that the insertion of the word "sole" before the word "cause" was a proper modification of an instruction upon the subject of liability for negligence.

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

KRAMER, KRAMER & CAMPBELL, for appellants.

H. E. SCHAUMLEFFEL and D. J. SULLIVAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee against appellants to recover damages for personal injuries, received by him under substantially the following state of facts:

On August 28, 1905, appellants controlled and jointly

operated switch yards in East St. Louis, Illinois. A short distance from the switch yards was the plant of the Republic Iron and Steel Company. The railroad tracks in the yards of the latter connected with appellants' switch yards tracks and there was an arrangement made whereby appellants were to use their engines and crew to move cars used by the Republic Iron and Steel Company to, from and about the yards at its plant. Appellee was at that time 16 years old and had been working for the Republic Iron and Steel Company for about six weeks, being engaged most of the time in picking up angle irons. On the date above mentioned he and another boy and an old man were engaged under the direction of their boss in shoveling cinders from a car on one of the iron and steel company's tracks for the purpose of making a cinder platform, and their instructions were to shovel out the half of the car next to the proposed platform first. The track on which this car stood was connected with what is known as the scale track, by a switch about 200 yards long and on this switch there was a sharp curve, where the outside rail of the track was considerably higher than the rail on the inside, and where there was also on the inside a ditch some five or six feet deep. When the cinders in the half of the car next to the proposed platform were about all out, the old man left the car for some purpose, while the two boys remained at work. About the same time appellant's crew with an engine backed several cars down against the car the boys were on, coupled onto it and then backed up and coupled on to two other cars. The crew then started with the engine and cars attached to it, to the scale track. When the cinder car was at the sharpest part of the curve with its unloaded side towards the inside, the engine which was pulling the cars at the rate of four or five miles an hour, suddenly stopped or slackened speed and the bed of the cinder car turned over on the inside of the curve and down the embankment. Appellee was

thrown out, into the ditch, and received injuries to his leg and knee, which required the subsequent removal of the knee cap and caused the leg to become stiff at the knee and bent, so that he is compelled to walk with a crutch.

There have been two trials of this case in the court below, both of which resulted in a verdict in favor of appellee, the last one being for the sum of $3,000, for which judgment was entered.

The negligence charged in the declaration against appellants was that they negligently and carelessly and without notice to appellee, coupled onto the car upon which appellee was at work without giving him time to descend therefrom; that said car was hauled at a high rate of speed around a sharp curve and negligently and carelessly brought to a sudden and abrupt stop upon the curve, whereby the car was thrown from the track and turned over and appellee injured.

Appellants ask a reversal of the case for the reason, as alleged, that the evidence did not show facts sufficient to sustain the verdict and the court erred in regard to the instructions. The evidence in the case is not voluminous nor was there any great amount of controversy in it. It does not appear clearly whether the train crew gave any warning or not when they backed against the cinder car but if they did the warning was given so near to the time the cars came in contact that the boys in the cinder car did not have time to quit their work and descend therefrom before the shock. The cars, which coupled automatically, were almost immediately moved on and it does not appear that the boys could have alighted therefrom in safety. In fact there is no evidence which appears to us to tend to show negligence on the part of appellee. Whether appellants were guilty of negligence in pulling the train around a sharp curve at the speed it was shown to have been going, and in suddenly stopping it or slackening its speed, while the

half-loaded cinder car was in the abrupt portion of
the curve, were questions of fact for the jury and the
evidence concerning those questions was such that we
do not feel disposed to disturb the verdict.

Appellants complain of instruction No. 19 given
for appellee, which told the jury that if they found
from a preponderance of the evidence, appellants were
guilty of the negligence charged in the declaration or
either count thereof and that such negligence caused
the plaintiff's injuries, then the fact, if it was a fact,
that the Republic Iron and Steel Company was also
guilty of negligence in ordering plaintiff to unload the
car in the manner it was unloaded, if it did so order him
to unload it, was no defense in the case. The claim
is, that the instruction must have been understood by
the jury as meaning if the manner in which the car
was unloaded was the cause of the tipping of the car,
that condition of the car was no defense. We do not
think the instruction is subject to the objection made,
nor that the jury could possibly have been misled by
it. If appellants were guilty of acts of negligence
which of themselves, or in connection with an act of
negligence on the part of the Republic Iron and Steel
Company, caused appellee's injuries, in such event
they would be liable and, under those circumstances,
it was in fact no defense for them that the Republic
Iron and Steel Company was also guilty of negligence
which contributed to the injury.

Appellants' ninth instruction as offered was as fol-
lows:

"The court instructs the jury that if you believe
from the evidence that nearly all of the cinders remain-
ing in the car in question were on one side of the car
and that the cinders so being nearly on one side of the
car, was the cause of the car's turning over, that then
the plaintiff cannot recover in this case and you should
find the defendants not guilty."

The court modified this instruction by inserting the
word "sole" before the word "cause," thereby re-

quiring the location of the cinders in the car to be the sole cause of the disaster, to authorize a finding of not guilty for the defendants. The modification was correct and in accordance with the law governing such cases, for if the manner in which the cinders were located in the car was not the sole cause of the car's turning over, and the negligence of appellants contributed to bringing about the disaster, then appellants were not relieved from their responsibility. Parmelee v. Wheelock, 224 Ill. 194; City of Flora v. Pruett, 81 Ill. App. 161; C. C. Ry. v. Wall, 93 Ill. App. 411.

Appellants' instruction No. 14 was properly refused by the court, because it contained substantially the same statement of the law as that advanced in their instruction No. 9 above referred to, before the same was modified by the court.

There appears to us to be no error in the record in this case calling for a reversal of the judgment of the court below, and the same is therefore affirmed.

*Affirmed.*