FREDERICK HORNUNG, Defendant in Error, *vs.* THE DECATUR RAILWAY AND LIGHT COMPANY, Plaintiff in Error.

*Opinion filed June 16, 1909—Rehearing denied October 12, 1909.*

INSTRUCTIONS—*when instructions do not improperly limit time for using due care.* In an action for injuries received from defendant's street car when plaintiff was driving across the track, instructions advising the jury that it was sufficient if the plaintiff was in the exercise of due care "at the time of driving across" and "while driving across" defendant's tracks, do not, when reasonably construed, improperly limit the time when the plaintiff was required to be in the exercise of ordinary care for his safety.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding.

At the January term, 1908, Frederick Hornung, defendant in error, recovered a judgment for the sum of $1500 in the circuit court of Macon county against the Decatur Railway and Light Company, plaintiff in error, for personal injuries alleged to have been sustained by him through the negligence of said company. To review the judgment of the Appellate Court for the Third District affirming that

judgment the case has been brought to this court upon a writ of error.

The declaration, consisting of two counts, alleged that by reason of the negligent operation of a certain street car which was owned and operated by plaintiff in error in the city of Decatur it collided with a wagon in which defendant in error was riding, throwing him therefrom and causing him to be severely injured. The first count charged that the car was negligently operated at a high and dangerous rate of speed, and the second charged the motorman with a negligent failure to reduce the speed of the car when he saw that defendant in error was about to drive upon the track. The general issue was interposed. The only assignment of error here presented questions the action of the court in giving and refusing instructions.

HUGH CREA, and HUGH W. HOUSUM, for plaintiff in error.

ALBERT G. WEBBER, and CHARLES M. BORCHERS, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Hornung was driving south in Water street, on the west side of the single street car track in that street. As he proceeded south he came to a large moving van standing in the street on the west side of the track. In order to pass around this van it was necessary for him to drive upon the street car track. He testified that before driving upon the track he looked over his shoulder in a northerly direction to see if a car was approaching. He did not turn entirely around, but turned his head far enough to see north along the track about a block. Seeing no car coming within that distance he drove upon the track, and before he had passed off the track he was struck by a car coming from the north and injured. At the time when, as he testified, he looked over

241 — 9

his shoulder he could, had he turned entirely around, have seen the street car track for a distance of about a half mile to the north and could have seen any car that was approaching on that stretch of track at that time. It was contended by the railway company that even if he looked as he testified he did, it was at least a question for the jury whether he was guilty of contributory negligence in driving upon the track without looking farther north along the track than he testified he did look.

In this condition of the record the court, at the request of Hornung, gave to the jury, among others, plaintiff's instructions numbered 7 and 13. Each of these instructions directed a verdict. Upon the question of the exercise of due care the seventh advised the jury that it was sufficient if it appeared that the plaintiff was in the exercise of ordinary care "at the time of driving across the street car track of the defendant," and the thirteenth, if he was in the exercise of due care "while driving across the defendant's street car track." It is urged that both of these instructions improperly limited the time during which Hornung must have been in the exercise of ordinary care to the period during which he was actually driving across the track, while, as a matter of law, he was required to exercise due care for his personal safety just before driving upon the track. This objection would be meritorious if the quoted words were given their strict and literal signification, but we do not think the jury would attach to them such a meaning.

*McNulta* v. *Lockridge*, 137 Ill. 270, was a crossing accident case, in which a husband and wife were killed. Suits brought by their administrator were consolidated and tried together. An instruction given required the exercise of due care "at the time they were killed" and "at the time they attempted to cross the railroad track." It was objected that the time during which due care must have been exercised was thereby limited to the moment when the persons were killed and to the period during which they were in the act

of crossing the track. It will be observed that the last expression quoted is very much like those used in the case at bar. This court expressed the view that the jury could not reasonably have understood the instruction otherwise than as referring to the occasion on which the deceased persons attempted to cross the track and were killed. *Lake Shore and Michigan Southern Railway Co.* v. *Ouska,* 151 Ill. 232, grew out of another crossing accident. The instruction on this subject in that case required the exercise of reasonable care by the deceased "at the time of the injury," and it was held that these words did not restrict the exercise of due care to the moment of the injury, but that they had reference to the whole transaction, including all that occurred from the time the deceased reached the tracks until he was killed. That case has frequently been approved. (*Chicago and Alton Railroad Co.* v. *Harrington,* 192 Ill. 9; *St. Louis National Stock Yards* v. *Godfrey,* 198 id. 288; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Robson,* 204 id. 254.) We think the cases which we have cited show that the plaintiff in error's objection is not well taken. The cases relied upon by it, which were decided by this court, are distinguishable from the case at bar.

Complaint is also made of the action of the court in refusing the fifth and seventh instructions requested by the railway company. These instructions were both in reference to what the motorman had a right to expect on the part of Hornung prior to the time when Hornung turned toward the track, and in reference to his duty when he perceived that Hornung was about to pass upon the track. The propositions contained in these instructions were accurate, but we think they were covered by other instructions given at the request of plaintiff in error.

The record is free from reversible error. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*