**Frank Darling, Conservator, Appellant, v. William Wood, Appellee.**

**Gen. No. 5554.**

1. PLEADING—*when proof of cause of action incompetent.* A cause of action not counted upon in the declaration cannot be established by evidence.

2. MINES AND MINERS—*what does not bar recovery for wilful violation.* · A defense which amounts merely to a charge that the plaintiff was guilty of contributory negligence will not bar an action under the mines and miners act charging a wilful violation.

Action in case for personal injuries. Appeal from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 13, 1912.

J. W. RAUSCH, for appellant.

J. G. PETTEYS and McDOUGALL & CHAPMAN, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

Plaintiff was operating a shaft coal mine in Grundy county, at the time of the injury complained of in this suit. The mine was about seventy feet deep, and was operated by means of horse power. The shaft was about four by nine feet, with two cages raised and lowered by a link chain attached to the top of each cage, running over pulleys above, and then out

and around a "drum" or windlass so that as one cage was raised the other was lowered.

On November 26, 1906, appellant's ward and his brother Roy, who had dug coal in this mine the week before, got into a coal car on one of the cages to be lowered into the mine to go to work. Shortly after they started down, the chain parted and the cage fell to the bottom of the shaft and both were injured. Roy testified that he had with him a miner's pick, and from the conflicting evidence we are satisfied that there were other picks in the car. George was severely injured by some sharp instrument, as Dr. Walsh, his attending physician, testified, penetrating the base of the spine, probably four inches, and slivered the end of the bony spinal column called the "coccyx." The end of the backbone was split open a couple of inches. He was confined to his bed for some time from the injury.

Before this injury George had been confined in the Insane Hospital, and since has been re-committed and appellant appointed his conservator, and as such brings this suit.

The cages were not furnished with covers of any kind, and were not equipped with safety catches.

The declaration consists of four counts. The first is a common law count for negligence. The second is for a violation of paragraph "e" of section 16 of the Mines and Miners Act; the third for a violation of paragraph "d" of section 2, in not having the cages furnished with suitable boiler iron covers; and the fourth for a violation of said paragraph "d" in not having the cages equipped with safety catches.

The second count alleges that the cages were raised and lowered by means of an endless chain running over pulleys; that it was the duty of defendant to provide reasonably safe machinery, apparatus and appliances for lowering and hoisting said cage, and

to use reasonable and ordinary care to keep and maintain the said chain in reasonably good and safe repair and condition for the use of said persons employed in said mine, and that defendant carelessly and negligently suffered and permitted said chain to become and remain in a worn and unsafe condition.

The defendant filed his plea of the general issue and special pleas, alleging that plaintiff's ward was at the time of the injury descending the shaft in question on the cage which was carrying his tools, in violation of paragraph "c" of section 28 of said Mines and Miners Act; and that plaintiff's ward was not in the employ of defendant at the time of his injury. No replication seems to have been filed to either of said pleas, and the case was tried; and the jury found defendant not guilty. A motion for a new trial was denied, judgment was rendered on the verdict, and plaintiff appeals.

Appellant assigns error covering all the points raised. It is insisted that the trial court erred in admitting the testimony of defendant.

Plaintiff's ward was not a witness in this case, but his brother Roy testified on behalf of plaintiff, to the conversation had with defendant the day before they began work in this mine, about a week before the injury; and defendant was competent under exception "Fourth" of section 2, chapter 51 of the statute to testify to that conversation. Donlevy v. Montgomery et al., 66 Ill. 227. While defendant was asked and answered some questions not strictly proper we think they did appellant no harm.

It is also insisted that defendant's use of a link chain was a violation of the statute, but it is sufficient to say that the declaration does not count on that violation of the Act. As to the third and fourth counts the evidence is conclusive and uncontradicted, but defendant attempts to avoid them by proof of his first additional plea.

We cannot agree with appellee's contention that the violation of the statute by plaintiff's ward in getting in an empty car on the cage and taking picks with him should bar a recovery for a wilful violation of the statute by the operator. It would amount only to contributory negligence on his part, which has been held in numerous cases not to be a defense against a charge of wilful violation. Illinois Collieries Company v. Davis, 137 Ill. App. 15.

Had the cage been equipped with safety catches, as required, to prevent its falling in case the machinery or appliances broke or failed to work properly, as happened in this instance, plaintiff's ward would not have been injured as he was.

As was said in Waschow v. Kelly Coal Company, 245 Ill. 516, 519: "We think it cannot be seriously urged that the mine was not in an unsafe and dangerous condition, substantially as alleged in the declaration. When an injury proceeds from two causes operating together, the party putting in motion one of them is liable the same as though it was the sole cause. The negligent act or omission must be one of the essential causes producing the injury, but need not to be the sole cause nor the last or nearest cause. It is sufficient if it concurs with the other cause acting at the same time, which in combination with it causes the injury." See authorities cited.

There are other errors urged which may not occur on another trial, and we therefore do not discuss them at this time. For the reasons given, the judgment of the Circuit Court is reversed and the cause is remanded to that court for another trial.

*Reversed and remanded.*