SIMON LA GROU, for plaintiff in error.

DANIEL P. TRUDE, THOMAS J. PEDEN and ROY C. MERRICK, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 82*—*admissibility of evidence to show incompetency of employe.* In an action against a manufacturer of men's clothing to recover salary due plaintiff as a designer, where the defense was that plaintiff had been discharged for incompetency, rejection of the testimony of retail dealers, as to the character of the clothing received by them while plaintiff was in defendant's employ, offered to show plaintiffs incompetency *held* error, it appearing under the terms of the contract that plaintiff was to act not only as designer but also to have charge of the mechanical branch of the business, with authority to engage or discharge employes.

2. MASTER AND SERVANT, § 30*—*when incompetency ground for discharge.* In contracts for personal services, the incompetency of the employe to perform the services which he has undertaken, is a sufficient ground for discharge, though he was hired for a definite period.

---

### Robert Porter by Cora Porter, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 19,449.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed. Opinion filed May 19, 1914.

### Statement of the Case.

Action by Robert Porter, a minor, by Cora Porter, his next friend, against the Chicago City Railway

Porter v. Chicago City Ry. Co., 187 Ill. App. 28.

Company to recover for personal injuries sustained by plaintiff, a boy ten years of age. Plaintiff alighted from a northbound car at a street intersection and attempted to cross the street by passing behind the rear end of the car and was struck by a southbound car. To reverse a judgment in favor of plaintiff for five hundred dollars, defendant brings error.

WARREN D. BARTHOLOMEW and A. C. WILD, for plaintiff in error; LEONARD A. BUSBY, of counsel.

CHARLES E. CARPENTER and HARRY A. BARNHARDT, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 438*—*when alighted passenger guilty of contributory negligence in crossing tracks.* In an action against a street railway company to recover for personal injuries, where it appeared that plaintiff got off a car at a street intersection and in passing around the rear end of the car to cross the street was struck by another car going in the opposite direction, *held* that a judgment for plaintiff could not be sustained, there being no evidence that plaintiff was in the exercise of any degree of care, and it appearing that he attempted to cross the track without looking or attempting to ascertain whether he could do so in safety.

2. NEGLIGENCE, § 198*—*when contributory negligence is a question of law.* In a personal injury case, where the facts are undisputed and but one reasonable inference can be drawn therefrom, the question of contributory negligence, as well as the question of negligence, becomes one of law for the court.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.