Clarence L. Gleason and Luevenia Gleason, Appellees, v. C. C. Cunningham, Trading as C. C. Cunningham Truck Company, Appellant.

Heard in this court at the May term, 1942. Opinion filed November 2, 1942.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and JOHN C. ROBERTS, all of East St. Louis, and C. M. RAEMER, of Salem, for appellant.

WARD P. HOLT, of Salem, SEBE CHRISTIAN, of Sapulpa, and JOHN B. KRAMER, of Salem, for appellees.

MR. JUSTICE STONE delivered the opinion of the court.

This is a suit brought by Clarence L. Gleason and Luevenia Gleason, his wife, appellees, who will be hereinafter referred to as plaintiffs, against C. C. Cunningham, appellant, who will be hereinafter referred to as defendant, in the circuit court of Marion county, to recover for personal injuries sustained by Luevenia Gleason and damage to an automobile, the property of Clarence L. Gleason. The damage complained of, was the result of a collision on March 12, 1941, between two trucks of the defendant and the automobile driven by plaintiff, Clarence Gleason, and an automobile driven by Roger McClung, on the road known as the Oil-Field road, a hard surfaced road in Marion county.

Defendant was operating two tank trucks upon the Oil-Field road in a northerly direction, some 700 or more feet south of where that road intersects U. S. Highway 50, and a short distance north of the B. & O. railroad tracks, near Salem, Illinois. At approximately 5 p.m. these two trucks, the first one driven by Cash Leturno and the second one or the one to the south, driven by J. E. Johnson, both in the employ at that time of defendant, were proceeding in a northerly direction at a speed of about 25 or 30 miles per hour. The two trucks, at that time were about 25 or 30 feet apart. Plaintiff, Clarence L. Gleason, was driving his automobile in the same direction with his wife, Luevenia Gleason, the other plaintiff, as a passenger in the front seat with him, at a speed of about 25 or 30 miles per hour, and about 25 or 30 feet behind the second truck. About the same distance behind the Gleason car, and being driven at about the same rate of speed was an automobile, driven by Roger McClung.

Suddenly the first truck driven by Leturno stopped on the pavement, as did the second one. There is no affirmative evidence that either signaled their intention to stop. Mrs. Gleason screamed a warning to her husband, who applied his brakes. According to Gleason's theory, his car came to a stop about six feet behind the second truck and the McClung car then struck the Gleason car and knocked it forward into the truck. McClung's theory was that Gleason's car did not stop, but struck the second truck, rebounded and then was struck by McClung's car, and knocked forward into the truck again. In any event, as the result of the impact, Mrs. Gleason was thrown against the dashboard and the windshield and sustained injuries to her back and neck.

Plaintiffs' complaint consisted of two counts, which charged the defendant with negligence in that its employees permitted their automobile trucks to stop and stand upon the highway without first giving any signal or warning to the vehicles behind them, as a result of which negligence, the automobile of Clarence L. Gleason was damaged and Luevenia Gleason sustained personal injuries. Defendant's answer admitted ownership of the trucks and denied generally, the negligence alleged.

Upon a trial of the case before a jury, a verdict was returned in favor of plaintiff, Clarence L. Gleason in the sum of $25 and in favor of plaintiff, Luevenia Gleason in the sum of $10,000. At the close of all of the evidence defendant made a motion to instruct the jury to find the issues in favor of defendant. The court reserved its ruling on this motion and later denied same. Motion for judgment *non obstante veredicto* was filed by defendant and denied by the court. Upon a remittitur in the sum of $4,000 by plaintiff, Luevenia Gleason, motion for new trial was denied and judgment entered in favor of Luevenia Gleason in the sum of $6,000 and in favor of plaintiff Clarence L. Gleason,

for $25 from which judgments appeal is prosecuted to this court.

Gleason, Mrs. Gleason and McClung all testified that no signal, indicating an intention to stop was given by the truck drivers ahead. Both Leturno and Johnson testified that they did not remember whether they signaled or not. Leturno testified that he did not know if the stop light was working and Gleason testified positively that no red light was flashing. Leturno, in front, testified that he stopped his truck because of a line of traffic in front of him, and is corroborated by Johnson, who says that there was at least one car in front of Leturno and by the witness, L. C. Egan, who was some distance away. This is disputed by the testimony of Mr. and Mrs. Gleason, Cecil Hodges, Paul Bundy, Edgar Harold and Roger McClung, who all say that there was no car ahead of the two trucks of defendant company.

Both Leturno and Johnson claim that their trucks came to a gradual stop, so there would seem to be no logical excuse for not signaling their intention to stop. Johnson testified that he did not see the Gleason car before he stopped. He admitted however, that he looked into his rear vision mirror and saw it a few seconds after he had stopped. It is not controverted that Mrs. Gleason screamed a warning to her husband. A scream is a spontaneous expression so it may well be inferred that the stopping of the truck ahead was sudden.

It is upon this record and these facts that counsel for defendant maintain that each plaintiff failed to prove the case of action alleged, and that the court erred in refusing to grant defendant's motion at the close of all the evidence to find the issues in favor of defendant, and having reserved its ruling thereon, erred in failing to enter judgment notwithstanding verdict. In an action for injuries, the question of negligence is primarily for the jury, and only becomes a

question of law when there is no dispute in the evidence and but one inference can be reasonably drawn therefrom. *Campbell v. Chicago, R. I. & P. R. Co.,* 243 Ill. 620, 90 N. E. 1106, aff'g 149 Ill. App. 120; *Reidel v. Chicago, R. I. & P. R. Co.,* 144 Ill. App. 424, aff'd 239 Ill. 362, 88 N. E. 254; *Hornung v. Decatur Railway & Light Co.,* 145 Ill. App. 429, aff'd 241 Ill. 128, 89 N. E. 269.

Counsel for defendant strenuously contend that even if it be assumed that the action of the drivers of defendant's trucks in stopping without signaling their intention so to do, was negligence it could not be the proximate cause of the injuries to plaintiffs. With this reasoning we cannot concur and, without elaborating thereon, do not find the cases cited by defendant in point, on this proposition. There seems to be ample justification in this record for the jury to believe that there was a sudden stopping of defendant's trucks, without any signal to the car in the rear and with opportunity to do so. According to the testimony of both drivers, Johnson looked in his rear vision mirror, not before stopping, but after. He could not help but anticipate that such stopping might probably and foreseeably cause injury to others behind, using this much traveled hard road. There was thus initiated a continuous succession of events linked together and traceable back to the first cause as the proximate cause of the injury. *Pullman Palace Car Co. v. Laack,* 143 Ill. 242, L. R. A. 215; *Wintersteen v. National Cooperage & Woodenware Co.,* 361 Ill. 95. Where personal injuries are caused by concurrent negligence of two persons and the accident would not have happened without the negligence of both, the negligence of each was proximate cause and each is liable. *Annen v. W. F. McLaughlin & Co.,* 189 Ill. App. 261; *Darling v. Wood,* 168 Ill. App. 272. So that in the instant case, even though there might be the concurring negligence of Gleason and McClung both might be held liable

and they might be sued jointly or separately. *McGregor v. Reid, Murdoch & Co.*, 178 Ill. 464; *Siegel, Cooper & Co. v. Trcka*, 218 Ill. 559.

In any event, the question of what is the proximate cause must be determined from the particular facts of each particular case and are not questions of law for the court to determine, but questions of fact for the jury. *City of Flora v. Pruett*, 81 Ill. App. 161; *Phillabaum v. Lake Erie & W. Ry. Co.*, 315 Ill. 131. It is the duty of the jury, under the proper instructions of the court to pass upon the controverted questions of fact, and these questions can be taken from the jury only when reasonable men would not differ in their opinion on the questions of negligence or proximate cause. *Rehthaler v. Crane Co.*, 218 Ill. App. 267; *Porter v. Chicago City Ry.*, 187 Ill. App. 28; *Phillabaum v. Lake Erie & W. Ry. Co., supra.*

We do not believe that the lower court erred therefore in refusing defendant's motion, offered at the close of all of the evidence to find the issues in its favor and in overruling its motion for judgment notwithstanding the verdicts, nor in overruling the motion for new trial.

It is urged that the court erred in giving instructions Nos. 1 and 4 on behalf of plaintiffs. Instruction No. 1 told the jury that preponderance of the evidence means "that evidence which, in the light of all the facts and circumstances in the case, and guided by these instructions is, in your judgment entitled to the greater weight and credit." The case of *Meunier v. Chicago & Carterville Coal Co.*, 180 Ill. App. 114 is cited as being in point, the court in that case having held an instruction given in that case with reference to the preponderance of the evidence as being reversible error. In that case the court condemned the use of the phrase, "you are to determine where the preponderance of the evidence is, in accordance with the way in which it appears to your minds; . . . ."

This the court held was telling the jury that they might find the evidence preponderated according to their notion as to what tests should be applied in passing upon the weight of the evidence. We do not find the instruction under consideration here as open to that objection. The jury are told in substance that they are to determine the preponderance of the evidence, from the facts and circumstances in the case and the instructions of the court, in other words, upon the law and the evidence, and considering the instructions as a series, instruction No. 2 given for plaintiff properly gives the accepted tests by which the jury can determine the weight to be given the testimony of the various witnesses. We find no reversible error in this instruction.

Instruction No. 4 given on behalf of plaintiffs sets forth the substance of the statute forbidding the stopping of a motor vehicle without giving an appropriate signal to the driver of any vehicle immediately to the rear. Objection is made that this instruction was an abstract proposition of law, not applicable to the evidence in the case. In the light of the record herein submitted to us, we cannot hold that instruction No. 4 is subject to this objection.

It is argued on behalf of defendant that the verdict of the jury as to Luevenia Gleason is excessive, being for so great an amount as to indicate that the verdict was the result of passion and prejudice on the part of the jury. The evidence showed that Luevenia Gleason had been under the care of two physicians, as a result of her injuries, one of whom had a bill for $99.50 and the other, charges of $110. The hospital bill was $42.70. There were other expenses, such as purchase of brace and transportation. She sustained a severe injury to her neck and back. It has been necessary for her to wear a brace for her back, which she will be compelled to wear for some time in the future. She was confined to her bed for two months and a half, and

suffered pain from the date of the injury to the date of the trial a period of about seven months and her testimony was to the effect that she still suffers. One of the physicians testified that a previous tear of the womb was aggravated by this injury and would interfere with normal marital relations. The medical opinion was to the effect that she would have trouble with her back for a long time, that some suffering from such injuries get well, or at least improve and some never do. Unless the verdict is of such magnitude as to show passion and prejudice on the part of the jury, the Appellate Court has no right to disturb it, as the amount to be fixed is largely in the discretion of the jury. *Grannon v. Donk Bros. Coal & Coke Co.,* 173 Ill. App. 395, aff'd 259 Ill. 350, 102 N. E. 769. *Fitzpatrick v. California & Hawaiian Sugar Refining Corp., Ltd.,* 309 Ill. App. 215. The fact that there was a remittitur of $4,000 does not establish the fact that the verdict was the result of passion and prejudice. The practice of filing a remittitur is well established in this State and such a remittitur is not to be taken as a concession that the jury was actuated by passion or prejudice. *Stumer v. Pitchman,* 22 Ill. App. 399, aff'd 124 Ill. 250, 15 N. E. 757; *Fitzpatrick v. California & Hawaiian Sugar Refining Corp., Ltd., supra.*

We do not believe that the amount of the judgment is excessive. There being no reversible error in the record, the judgment both as to Clarence L. Gleason and Luevenia Gleason will be affirmed.

*Affirmed.*