Charles Hopfinger, Appellee, v. John O'Banion, Appellant.

Term No. 47F12.

Opinion filed April 23, 1947. Released for publication June 2, 1947.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and NORMAN J. GUNDLACH, all of East St. Louis, for appellant.

LINDAUER, LINDAUER & PESSIN, of Belleville, for appellee.

MR. JUSTICE BARTLEY delivered the opinion of the court.

Defendant appeals from a judgment of the circuit court of St. Clair county in favor of the plaintiff and against the defendant for $3,000 growing out of an automobile collision caused by alleged negligence of the defendant and a judgment on the verdict of "not guilty" on the counterclaim of the defendant against the plaintiff for alleged damages growing out of the same collision to defendant's automobile.

The errors assigned and argued by the defendant are: The verdict of the jury and the judgment entered by the trial court is contrary to the manifest weight of the evidence; that the verdict and judgment is so excessive as to indicate passion and prejudice on the part of the jury; that the trial court erred in giving certain instructions requested by the plaintiff and in refusing certain instructions requested by the defendant, and that the trial court erred in not granting defendant's motion for a new trial because of newly discovered evidence.

Negligence charged by the plaintiff was that the defendant was driving at an unreasonable rate of speed contrary to the statute; failure to blow a horn contrary to the statute; failure to keep to the right of the black or center line on the highway or street contrary to the statute; negligently and carelessly attempting to pass another vehicle when the way was not clear, in violation of the statute, and general negligence and carelessness.

The evidence shows that the plaintiff was driving alone in his 1935 Plymouth Coach automobile west on West Main street in the City of Belleville at approximately 12:15 on the morning of February 19, 1945. The highway was a four-lane paved highway with considerable ice on the south side of the street. The north side was clear. Plaintiff's automobile was traveling west and defendant's automobile was traveling east. Lights on both cars were burning and the evidence indicates they were each driving from 15 to 20 miles per hour. From there on, the evidence as to how the collision occurred becomes conflicting. Witnesses on the part of the plaintiff testified that defendant's car suddenly came across the center line of the highway to plaintiff's lane of travel and struck plaintiff's car so quickly that he was unable to avoid the collision. Witnesses on the part of the defendant testified that plaintiff's automobile came across the center line of the

highway into the lane of travel of the defendant so quickly that he was unable to avoid the collision. Plaintiff testified that the defendant swerved around an automobile which was pulling away from the south side of West Main street, and drove across the center or black line and into plaintiff's car.

From this statement of the evidence it readily appears that the issue of negligence, contributory negligence and proximate cause presented purely a question of fact for the jury to decide. We conclude, therefore, that the verdict and the judgment of the court is not contrary to the manifest weight of the evidence.

Defendant seriously argues that because the plaintiff testified that the defendant was pulling around another automobile which was pulling out from the curb, that this obviates the liability of the defendant. In this view of the evidentiary facts, plaintiff is not in accord with other witnesses and the issues were to be determined by the jury, of course, on all of the evidence. Moreover, where cars are frequently parked along the sides of a street, the driver of an automobile along such street, in the exercise of reasonable care, is bound to anticipate that cars so parked may turn into the street and it is his duty to use reasonable care to have his automobile under such control as to enable him to avoid accidents with others cars, whether parked or traveling in the accustomed line of traffic. (*Harrison v. Bingheim*, 350 Ill. 269.)

As to the claim that the verdict and judgment is excessive, and so excessive as to indicate passion and prejudice on the part of the jury, the evidence shows that plaintiff's injuries were serious and severe. He suffered a brain concussion, head injuries, chest injuries, a back injury, his teeth were knocked loose, nose injuries, a left leg injury and a right knee injury. He suffered out-of-pocket a pecuniary loss amounting to $460. At the time of the trial he still suffered head-

aches as a result of the head injury, had difficulty in chewing his food and various other parts of his body gave him pain. The fixing of the amount of damages for personal injuries is peculiarly within the province of the jury, there being no legal standard by which to measure the amount of damages to be awarded. (*Crane v. Railway Express Agency, Inc.*, 293 Ill. App. 328.) Damages awarded in this case in our opinion are not excessive and do not indicate passion and prejudice.

[5] It is contended that two of the instructions given at the request of the plaintiff improperly limit the time when the plaintiff must be in the exercise of due care to the very moment of the collision. The one required that the jury must believe from a preponderance of the evidence "that the plaintiff was in the exercise of due care and caution for the safety of the automobile of the plaintiff." The other required the jury to find from the preponderance of the evidence "that at the said time and place plaintiff was in the exercise of due care and caution for his own safety and the safety of his automobile." The time and place referred to is in the first portion of this last instruction and required the jury to find from the preponderance of the evidence that the defendant drove his automobile in a negligent manner. Reasonably construed, these instructions do not improperly limit the time when the plaintiff was required to be in the exercise of ordinary care for his own safety. (*Hornung v. Decatur Ry. & Light Co.*, 241 Ill. 128, 131.) In that case, the instruction complained about told the jury that it was sufficient if the plaintiff appeared to be in the exercise of ordinary care "at the time of driving across the street car track of the defendant" and if he was in exercise of due care "while driving across the defendant's street car track." Commencing on page 130, the court said: "*McNulta v. Lockridge*, 137 Ill. 270, was a crossing accident case, in which a husband and wife

were killed. Suits brought by their administrator were consolidated and tried together. An instruction given required the exercise of due care "at the time they were killed" and "at the time they attempted to cross the railroad track." It was objected that the time during which due care must have been exercised was thereby limited to the moment when the persons were killed and to the period during which they were in the act of crossing the track. It will be observed that the last expression quoted is very much like those used in the case at bar. This court expressed the view that the jury could not reasonably have understood the instructions otherwise than as referring to the occasion on which the deceased persons attempted to cross the track and were killed. *Lake Shore & M. S. Ry. Co. v. Ouska,* 151 Ill. 232, grew out of another crossing accident. The instruction on this subject in that case required the exercise of reasonable care by the deceased "at the time of the injury," and it was held that these words did not restrict the exercise of due care to the moment of the injury, but that they had reference to the whole transaction, including all that occurred from the time the deceased reached the tracks until he was killed. That case has frequently been approved. (*Chicago & A. R. Co. v. Harrington,* 192 Ill. 9; *St. Louis National Stock Yards v. Godfrey,* 198 Ill. 288; *Pittsburgh, C. C. & St. L. R. Co. v. Robson,* 204 Ill. 254.) We think the cases which we have cited show that the plaintiff in error's objection is not well taken. The cases relied upon by it, which were decided by this court, are distinguishable from the case at bar.

■ As to the alleged error as to the refusal of tendered instructions of the defendant, it appears from the record that as to any of the tendered instructions that might have been properly given, that the subject matter was adequately and fully covered in other instructions given in the cause. Where instructions taken as a series fairly state the law governing the

case, the refusal to give other instructions involving the same subject matter covered will not be regarded as reversible error. In the case here, the jury was fully and adequately instructed as to the law in the case.

The alleged newly discovered evidence, which it is argued is sufficient cause to grant a new trial, had to do with the contradiction of the evidence of the plaintiff as to the amount of time lost from his employment and his wages. The affidavit filed in support of the portion of the motion for a new trial because of this alleged newly discovered evidence fails to be convincing that such evidence would probably change the result if a new trial were granted, or that such evidence could not have been discovered before the trial by the exercise of due diligence. The only excuse assigned in the affidavit for failure to have the necessary evidence was that inquiry was not made by affiant from the employer of the plaintiff until after the trial and that affiant did not have any information that plaintiff would not testify correctly as to the amount of time that he lost. In the case of *Chicago & A. R. Co. v. Raidy* 203 Ill. 310, the court at page 317 said: "It cannot be the practice of courts to allow important matters to go to trial, and because one party is not satisfied with the results of it, let him go out and try to get facts which will enable him to do better at another trial, and rely upon such after-ascertained matters as a basis for a new trial. In such case the courts require that the newly discovered evidence shall be material and shall not be cumulative, and that due diligence has been exercised to procure it."

We find no reversible error in the record. The judgment of the circuit court of St. Clair county is affirmed.

*Judgment affirmed.*

CULBERTSON and SMITH, JJ., concur.