**Louise Augustine, Appellant, v. Dave Kaufman, Appellee.**

**Gen. No. 44,820.**

Opinion filed October 26, 1949. Released for publication November 10, 1949.

CHARLES J. RUSSELL, of Chicago, for appellant.

No appearance for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Louise Augustine filed a statement of claim in the municipal court of Chicago against Dave Kaufman and asked damages of $500, as the value of a three-piece living room set she alleged was delivered to defendant to be reupholstered and which he failed to return. She demanded a trial by jury. The defendant filed a "defense." A trial resulted in a verdict for plaintiff in the sum of $250. Defendant's motion for a new trial was allowed. Thereafter, by leave of court, plaintiff filed an amended statement of claim, which also sought damages of $500. Defendant filed a "defense" and a counterclaim. Certain paragraphs of the counterclaim were stricken. Plaintiff filed a reply to the "defense" and an answer to the counterclaim.

On January 27, 1949, after the second trial, the jury found against the defendant and assessed plaintiff's damages at $500. On the return of the verdict the court ordered that plaintiff remit the sum of $350 and entered judgment against defendant for $150. The record does not show whether plaintiff objected to the remittitur ordered by the court, nor does it show a motion for a new trial by either party. On February 7, 1949, plaintiff filed a notice of appeal from the order reducing the judgment, asking that the order be reversed and that a judgment be entered for $500. Defendant has not filed an appearance or briefs.

■■ Plaintiff had a right to a trial by jury on all issues including that of damages. She states that the remittitur was without her consent. As there was an issue of fact as to the damages, the court could not grant a remittitur without her consent. Because of the error of the court in granting a remittitur without

the consent of plaintiff (there being an issue of fact as to the damages) she is entitled to a reversal of the judgment. Defendant, not having appealed or filed a notice of cross-appeal, we assume that he was satisfied to have the matter rest with the entry of a judgment for $150. We do not know what action the trial judge would take should plaintiff refuse to accept the remittitur and should defendant desire to file a motion for a new trial. Should defendant file a motion for a new trial and should plaintiff refuse to accept a remittitur, the court would have an opportunity to pass on the motion for a new trial.

The judgment of the municipal court of Chicago is reversed and the cause is remanded with directions to proceed in a manner not inconsistent with the views expressed.

*Judgment reversed and cause remanded with directions.*

LEWE, P. J., and KILEY, J., concur.