**Charles E. Ault, Plaintiff-Appellee, v. Karen Washburn, Defendant-Appellant.**

**Gen. No. 65–93.**

Third District.

June 22, 1966.

Marjorie L. Schneider, of Galesburg, for appellant.

T. Otis Brown, of Bushnell, for appellee.

ALLOY, J.

The action in the instant case was instituted by plaintiff, Charles E. Ault, to recover damages by reason of the alleged negligence of defendant, Karen Washburn, in the operation of her automobile. The cause was tried in the Circuit Court of Warren County and resulted in a verdict for plaintiff upon which verdict judgment was entered.

On appeal in this court, defendant contends that the court should have allowed her post-trial motion for judgment notwithstanding the verdict or in the alternative for a new trial on the grounds: (1) that the verdict was against the manifest weight of the evidence; (2) that the court erred in refusing to give certain instructions tendered by defendant and to grant defendant leave to amend her answer to conform to the proof; and (3) that the court erred in failing to properly poll the jury after the verdict was returned.

The evidence in the case indicates that on November 16, 1962, at approximately 6:20 p. m., plaintiff was driving his automobile in a northerly direction on U. S. Route 67, which is a two-lane concrete paved highway 18 feet wide with a marked center line. At a point approximately 300 feet south of the point of impact, plaintiff had slowed his automobile to 10 miles per hour because a semi-trailer truck proceeding in the other direction was partially on the shoulder and was coming back on the paved portion of the highway without difficulty. Plaintiff started to accelerate moderately after he had passed the semi-trailer truck and then saw defendant's automobile sideswipe another automobile driven by a Dorothy Long. Plaintiff then slowed his automobile as defendant's automobile continued down the wrong side of the highway and, plaintiff, at the time of impact with defendant's automobile, had come almost to a complete stop and was attempting to get off the

paved portion to his right when struck by defendant's automobile. Defendant was 22 years of age and a registered nurse and had with her as a passenger another registered nurse, age 21. Defendant presented no testimony as to the occurrence and both defendant and her passenger asserted they had no memory of the accident whatsoever by reason of injuries.

The evidence indicates that defendant was proceeding south on the route and was following the semi-trailer truck; that while she was proceeding south she drove her car over the center line into the northbound lane and sideswiped an automobile being driven by Dorothy Long (who was also called as a witness in the case). The point at which the Long car was contacted, was at least 177 feet north and possibly 300 feet north of where plaintiff's automobile was struck by defendant's automobile. After the Long car had been sideswiped, defendant's automobile proceeded on down the northbound lane of traffic into the portion of the northbound lane properly occupied by plaintiff's automobile.

The semi-trailer truck referred to had been off the road at a point approximately even with the point at which the Long automobile was sideswiped and was in clear view of defendant and plaintiff. The witness Long testified that defendant's automobile did a slight "fishtail" just before the sideswipe. The impact resulting from being sideswiped was slight and the Long automobile was controlled without any serious trouble. Defendant's contention is that because of the condition of the road and mud on the right-hand edge of the road, she lost control of her automobile so that she could neither turn right nor brake to a stop. There was no evidence which specifically supported such contention.

■ It is apparent from the record that plaintiff, during all this period of time, remained in his own lane of traffic; that he was traveling at a slow speed; that he

had braked almost to a complete stop at the time of impact; and that he was attempting to escape the collision by turning to his right. The collision occurred in the plaintiff's proper lane of traffic and in the wrong lane of traffic for the defendant. It can hardly be contended under the facts that plaintiff was guilty of contributory negligence for failure to stop sooner or turn farther to the right (Williams v. Walsh, 341 Ill App 543, 95 NE2d 743).

■ ■ On the question of negligence on the part of defendant, it is clear from the record that the sideswiping of the Long automobile as well as the collision with the plaintiff's car both occurred in the wrong or left-hand lane for defendant. A jury finding that defendant was negligent under such circumstances was obviously justified. It is apparent that where evidence as to defendant's negligence and as to plaintiff's contributory negligence and as to the cause of the collision was conflicting, it is the proper province of the jury to determine under such circumstances which witnesses are worthy of belief and the court on appeal would not substitute its judgment for the finding of the jury on these issues (Mueth v. Jaska, 302 Ill App 289, 23 NE 2d 805). This court, therefore, would not be justified in setting aside the verdict of the jury rendered in this cause on the basis of the evidence shown in the record.

■ ■ In an instruction tendered by defendant in this case, and in the motion to amend the answer to conform to the proof, a theory is advanced that the driver of the semi-trailer truck was negligent and that the negligence of such driver created a sudden and unexpected danger or emergency. No evidence is shown in the record of any such negligence, nor were the truck driver and owner made parties defendant in this cause. There was evidence that there was a misty rain and that the shoulders were muddy at the time and that the semi-

trailer truck went off the road to the right so that its right wheels were off the paved portion. The semitrailer truck came back onto the pavement without trouble and the Long automobile had passed the semitrailer truck and had proceeded at least 350 feet before being struck by defendant's automobile. Under the facts, we believe the court properly refused to give such instruction on the evidence presented in this cause (Shore v. Turman, 63 Ill App2d 315, 210 NE2d 232). Another instruction which was tendered and refused, referred solely to speed as applied to the plaintiff. An instruction which was given on behalf of defendant presented to the jury the proposition that if either party's speed contributed to the collision, such fact should be considered. It would have been improper to give the instruction applying to the speed of the plaintiff only under the evidence which had been presented. It was, therefore, apparent that there was no error in the refusal to give instructions.

On the final issue presented on appeal, defendant asserts that the court erred in failing to properly poll the jury. The record shows that at the request of defendant's counsel, the court polled the jury by having the clerk ask each of the jurors the question "Was this and is this your verdict?" The record shows that no juror disaffirmed or dissented and the jury verdict was received and recorded and the jury was discharged. All of the jurors had signed the verdict which was brought into court and also the jurors had signed a special interrogatory submitted by defendant, finding defendant guilty of negligence. In defendant's motion for a new trial, she sets forth that one juror stood mute when asked the question. Defendant's attorney, at the time of the polling of such juror, did not object to the procedure of recording the verdict. An affidavit by the reporter simply states that he did not hear the audible response

166

of one or more of the jurors as he had his back to the jury. Neither the clerk who was in the court nor the Trial Judge indicated that any juror disaffirmed or dissented from the verdict. Both defendant's attorney and the defendant were present at the time the jury was polled and no objection was raised as to the manner of the polling, the answers received, or the acceptance of the verdict and discharge of the jury. The affidavit which indicates that a juror had stood mute at the time of the polling of the jury would not justify setting aside the verdict under the facts in the record before us. We would view with grave misgivings any procedure which would permit impeachment, after discharge of a jury, by affidavit of a juror inconsistent with the acts of that juror shown of record (Smith v. Eames, 3 Scam, 4 Ill 76). The impeachment of the jury verdict on the basis of the record as presented in this cause cannot be sanctioned. The action of the Trial Court in rejecting the motion for new trial on such ground was proper and should be affirmed.

The judgment of the Circuit Court of Warren County is, therefore, affirmed.

Affirmed.

CORYN, P. J. and STOUDER, J., concur.