Corine Scoggins, Plaintiff-Appellant, v. Village of Hartford, Illinois, a Municipal Corporation, Defendant-Appellee.

Gen. No. 67–17.

Fifth District.

August 15, 1967.

Hoagland, Maucker, Bernard & Almeter, of Alton (James K. Almeter, of counsel), for appellant.

Coppinger & Carter, of Alton (John B. Coppinger, of counsel), for appellee.

GOLDENHERSH, J.

Plaintiff appeals from the judgment of the Circuit Court of Madison County entered in favor of the defendant, Village of Hartford, a municipal corporation, in plaintiff's action for personal injuries.

Plaintiff's complaint alleges that she suffered injuries as the result of a fall while walking on a public sidewalk which defendant had negligently permitted to remain in a state of disrepair, although it had notice of its defective and dangerous condition.

In its answer, defendant denied the material allegations of the complaint, and as a "further defense" alleged that plaintiff had executed a release of a party alleged to be a joint tortfeasor and had thereby released any claim she might have against the defendant. Plaintiff moved to strike the "further defense" on the grounds that plaintiff's injuries were sustained at a place where Illinois Terminal Railroad owed no duty to pedestrians, that defendant was the only tortfeasor whose negligence caused plaintiff's injuries, and the release given the railroad could not bar plaintiff's claim against the defendant. The motion was denied, and in her reply plaintiff admitted execution of an instrument purporting to release Illinois Terminal Railroad from any claim as a result of the occurrence complained of, denied that the Railroad is a joint tortfeasor, and stated further: "That the execution of said release was induced by two mutual mistakes of fact, namely, that said railroad company represented and believed that the accident in question occurred outside of the limits of the railroad right-of-way and represented that the nominal payment recited in the release was being made solely

to avoid litigation, and the Plaintiff believed such representations and relied thereon; and the Plaintiff and said railroad company believed that Plaintiff's injuries would be fully cured and healed within six weeks from the date of the accident, whereas in fact said injuries were more serious and extensive than either Plaintiff or said railroad company believed."

The parties agreed to try the case to a jury, and in the event of a verdict for plaintiff, the issues pertinent to the release were to be tried before the court. The jury returned a verdict in favor of plaintiff in the amount of $8,000.

Subsequently the court heard evidence with respect to the release, held that the release executed by plaintiff released a joint tortfeasor, and barred recovery on the claim asserted against the defendant. The court entered judgment in favor of defendant and this appeal followed.

The evidence shows that the right-of-way of the Illinois Terminal Railroad, 50 feet in width, extends in a general northerly and southerly direction through part of the defendant village. An engineer, called by defendant, fixed the west boundary of the right-of-way as being 25 feet west of the center of the railroad tracks. Hawthorne Street, which runs east and west, intersects the right-of-way. The sidewalk upon which plaintiff was walking is situated on the north side of Hawthorne Street, and crosses the right-of-way from east to west. It had been in continuous use as a public sidewalk for about 35 years. The railroad did not construct, and had never maintained, the sidewalk. Its claim man testified that at this point its maintenance extended only to the end of the ties. The broken area of sidewalk upon which plaintiff bases her charge of negligence extends from a point 10 feet, 7 inches west of the center of the railroad tracks, to a point 24 feet, 10 inches west of the center of the tracks.

It is not disputed that approximately 10 weeks after plaintiff's injury, she and her husband, in consideration

of the sum of $300, executed a document releasing the Illinois Terminal Railroad from any and all claims arising out of the occurrence.

It also appears that plaintiff had written letters to the defendant and its counsel wherein she advised them of her settlement with the railroad, and expressed the opinion that defendant was liable, along with the Illinois Terminal, for her injuries.

Plaintiff's first contention is that because the Illinois Terminal Railroad could not have been held liable to plaintiff, plaintiff's release of a claim against it would not serve to release defendant. Defendant argues that the release of the railroad, an alleged joint tortfeasor, operated to release defendant.

■ ■ Under the holding of the Supreme Court in McElligott v. Illinois Cent. R. Co., 37 Ill2d 459, 227 NE2d 764, upon the facts in this case, the railroad could not have been held liable for plaintiff's injuries. The issue here presented is whether a release given a nontortfeasor is subject to the rule applicable to both joint and independent concurring tortfeasors, that the release of one operates to release all. Manthei v. Heimerdinger, 332 Ill App 335, 75 NE2d 132.

■ This issue was presented and determined in Wagner v. Union Stock Yards & Transit Co., 41 Ill App 408; Western Tube Co. v. Zang, 85 Ill App 63; and Carneghi v. Gerlach, 208 Ill App 340; and was discussed in Tidwell v. Smith, 27 Ill App2d 63, 169 NE2d 157. In line with these decisions we hold that since the Illinois Terminal Railroad could not have been either a joint tortfeasor with defendant, or an independent concurring tortfeasor, but was in fact a nontortfeasor, the release which plaintiff executed did not serve to release the defendant.

Because we have reached this conclusion, we do not discuss plaintiff's contentions regarding the alleged mutual mistakes of fact.

For the reasons herein set forth, the judgment of the Circuit Court of Madison County is reversed and the cause remanded with directions to reinstate the judgment entered on the verdict.

Judgment reversed and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.