**Mike Horvath, Plaintiff-Appellant, v. Spector Freight System, Inc., et al., Defendant-Appellee.**

**Gen. No. 52,668.**

First District, First Division.

November 4, 1968.

Donald C. Niersbach and Theodore F. Zbiegien, of Chicago, for appellant.

LeRoy A. Garr, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a nonjury trial of a personal injury action, the court entered judgment in favor of plaintiff for $5,500 on June 28, 1967. On defendant's timely post-trial motion, the trial court on July 18, 1967, reduced the judgment to $3,750 without hearing any new evidence and over plaintiff's objection. On appeal, plaintiff contends that it was error to reduce the amount of the judgment, absent plaintiff's consent, without giving plaintiff the option of a new trial.

Plaintiff asserts that it is undisputed in Illinois that a remittitur cannot be ordered in a jury trial without the consent of plaintiff. (Baker v. Spaulding Women's Apparel, Inc., 83 Ill App2d 455, 456, 228 NE2d 100 (1967).) Plaintiff contends that this rule also applies to a case tried by the court without a jury. In support, plaintiff cites Travers v. Wormer, 13 Ill App 39 (1883), where it is said (p 42):

> "We know of no case holding that a finding by the court can be treated differently from a verdict of a jury, or that a judge has any other or different power over the one than over the other.

> "The court, after finding the issues for the defendants, had the power to set the finding aside and award a new trial; and if he was of the opinion that the finding was erroneous, it was his duty to do so. But instead of awarding a new trial, he, in effect, re-tried the case, and that, too, without hearing the witnesses or receiving any evidence, but acted wholly upon his recollection of the evidence introduced at a trial which had already been concluded. This was clearly erroneous."

See, also, Beard v. American Type Founders Co., 123 Ill App 50 (1905). Plaintiff argues that if the court felt it had erred in setting the damages at $5,500, it should have presented plaintiff with the alternative of submitting to a remittitur or having a new trial.

 Defendant concedes that a remittitur cannot be ordered in a jury trial without the consent of the plaintiff. Defendant contends that the rule is applicable only in jury cases, and that in a nonjury trial and within "term" time the court had the power to amend its finding and its judgment as to damages, and a new trial was not necessary.

Defendant asserts that the ground for giving the plaintiff an option for consenting to a reduction of the damage award or a new trial is that the trial court may not invade the province of the jury on the issue of damages. Cited is Koltz v. Jahaaske, 312 Ill App 623, 38 NE2d 973 (1942), where it is said (p 627):

> "The rule that a trial court is powerless to reduce the damages fixed by a jury in its verdict in an action for unliquidated damages, and render judgment for a less amount, unless the party in whose favor the verdict was rendered consents to such reduction, is so generally recognized that it may be said to be of universal application . . . . The reason for the above rule is that such action on the part of the

court in arbitrarily reducing or increasing the damages fixed by the jury in its verdict without the consent of the party unfavorably affected by such increase or decrease, would be violative of the constitutional guaranty of trial by jury."

Defendant states that the trial court entered the judgment on June 28, 1967, and reduced the amount of the judgment on July 18, 1967, while it was still "within the breast of the court" and was subject to amendment or to being compeletely set aside. Defendant cites section 68.-3(1) of the Civil Practice Act, in which it is provided:

"In chancery cases and in cases at law tried without a jury, any party may, within 30 days after the entry of the decree or judgment, file a motion for a rehearing, or a retrial, or modification of the decree or judgment or to vacate the decree or judgment or for other relief."

Defendant also cites Goucher v. Patterson, 94 Ill 525 (1880), where it is said (p 527):

"During the term at which a judgment or decree is rendered, the court has control over the record, and for sufficient cause appearing, may amend its judgments and decrees, or vacate and set them aside, but when the term is ended, the judgment entered and the case passes off the docket, that power ceases and an amendment of a substantial character can not be made."

Defendant also points out that the only statutory provision for "remittitur" occurs in subsection (7) of section 68.1 of the Civil Practice Act, dealing with "post-trial motions in jury cases." Defendant's authorities include Dept. of Public Works v. Huff, 15 Ill2d 517, 520, 155 NE2d 563 (1959), and Roewe v. Lombardo, 76 Ill App2d 164, 175, 221 NE2d 521 (1966).

115

██ ██ After examining the authorities cited by both parties, we conclude that the rationale of the rule that a court has no authority to enter a "remittitur" without the consent of plaintiff is applicable to jury trials only and not to nonjury trials. As the provisions of section 68.3 (1) show that within 30 days the trial judge has the power to modify a judgment entered by the court in a nonjury trial, we hold that this includes the power to reduce damages fixed by the court in a nonjury trial on a motion timely made.

For the reasons given, the order appealed from is affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.