**Corine Scoggins, Plaintiff-Appellee, v. Village of Hartford, Illinois, a Municipal Corporation, Defendant-Appellant.**

**Gen. No. 68–28.**

Fifth District.

January 20, 1969.

Coppinger and Carter, of Alton (John B. Coppinger, of counsel), for appellant.

Hoagland, Maucker, Bernard & Almeter, of Alton (James K. Almeter, of counsel), for appellee.

GOLDENHERSH, P. J.
Defendant, Village of Hartford, appeals from the judgment of the Circuit Court of Madison County entered in compliance with the mandate of this court. (See Scoggins v. Village of Hartford, 86 Ill App2d 233, 229 NE2d 550.) As stated in that opinion, by agreement of the parties, the issues of liability and damages were tried to a jury, and the issues with respect to a purported release were tried to the court. The jury returned a verdict for the plaintiff, but the court found that the release barred recovery. Thereupon the court entered judgment for plaintiff on the verdict, nunc pro tunc, and immediately thereafter vacated that judgment, and entered judgment in favor of the defendant. On appeal this court reversed the judgment and remanded the cause with directions to reinstate the judgment on the verdict.

The record shows that the mandate of this court was issued on September 12, 1967, and filed in the office of the Circuit Clerk of Madison County on September 13, 1967. On October 11, 1967, defendant filed its post-trial motion praying entry of judgment n. o. v., or alternatively, for a new trial. On December 20, 1967, the trial court denied the motion and entered final judgment. Notice of Appeal was filed on January 19, 1968.

Defendant contends that the trial court summarily denied its post-trial motion without considering the errors

charged therein, and argues that the cause should be remanded with directions to consider, and decide, the matters raised in its motion.

Plaintiff's contention is twofold, first, that defendant has waived its right to appeal because of its failure to file a post-trial motion within 30 days after the verdict was returned, and second, the motion filed after remand was premature in that it was filed prior to the entry of judgment as directed by the mandate.

■ Section 68.1(3) of the Civil Practice Act (c 110, Ill Rev Stats 1967) provides that post-trial motions must be filed within 30 days after the entry of judgment. The judgment previously entered on the verdict was vacated immediately, and there was no reason for defendant to file a post-trial motion at that time. In filing its motion within 30 days of the date on which the mandate was filed in the circuit court, defendant complied with the statute.

■ As to plaintiff's second contention, the mandate directed the circuit court "to reinstate the judgment entered on the verdict." This was a ministerial act to be performed by the circuit clerk, chapter 25, section 14, Ill Rev Stats 1967, and defendant was not required to wait until it was performed to file its motion.

In its order, the trial court refers to cases cited in Volume 3, section 1000 of Illinois Law and Practice. Upon examining those authorities, we conclude that the trial court denied the post-trial motion without considering the errors charged, under the misapprehension that our mandate was intended to empower it only to enter the judgment, and thereafter conduct no further proceedings.

The author of both this, and the prior opinion, in retrospect, perceives the wisdom of including in the mandate a directive for further proceedings in accordance therewith, and the results of the failure so to do. The trial court correctly followed the mandate, and the result-

ant error was caused, not by the trial court, but by this court.

Having concluded that the defendant's post-trial motion was timely filed at the first instance when it was confronted with an adverse judgment, justice requires that the trial court be given an opportunity to consider the errors charged, free of the compulsion engendered by the omission from our prior mandate.

For the reasons set forth the judgment of the Circuit Court of Madison County is reversed, and the cause remanded with directions to consider, and rule upon defendant's post-trial motion, and for further proceedings consistent with this opinion.

Judgment reversed and remanded with directions.

MORAN and EBERSPACHER, JJ., concur.