Charles Takecare and Cleophus Metcalfe, Plaintiffs-Appellants, v. Julius Loeser and Alfred Loeser, Defendants-Appellees.

Gen. No. 53,195.

First District, Second Division.

July 15, 1969.

149

Willard J. Stepek, for Elliott Edelman and Lane, Falasz & Pollman, of Chicago, for appellants.

Morton H. Meyer and Gerrard and Gerrard, of Chicago (Morton H. Meyer, Michael A. Gerrard and Allen S. Gerrard, of counsel), for appellees.

MR. JUSTICE McNAMARA delivered the opinion of the court.

The plaintiffs, Charles Takecare and Cleophus Metcalfe, brought this action against defendants, Julius Loeser and Alfred Loeser, to recover damages arising out of an automobile accident in which Takecare was driver of one automobile and Metcalfe was his passenger. Alfred Loeser died prior to trial, and the suit proceeded against the surviving defendant, the driver of the other automobile. All parties stipulated to a trial by eleven jurors. After trial, the jury returned a verdict in favor of Cleophus Metcalfe against the defendant, and awarded damages in the sum of $12,000. The verdict further found the issues in favor of the defendant and against the plaintiff Charles Takecare.

The cause was submitted to the jury in the early evening on May 20. By agreement the parties waived the polling of the jury and the verdict was received by the judge at 11:00 p. m. The judge then discharged the jury. On the following morning, over objection of plaintiff, the trial court entered a judgment order which stated that after counsel and several of the jurors had left the courtroom, the court was informed by the foreman and five other jurors that it was their intention to return

a verdict finding in favor of defendant and against both plaintiffs. The order further stated that the court was further informed that the jury also intended to find in favor of plaintiff Metcalfe against plaintiff Takecare. The court thereupon entered judgment in favor of the defendant against both plaintiffs, reciting that this was in accordance with the real intention of the jury.

Plaintiff Metcalfe alone appeals, contending that the judgment order entered contrary to the verdict was error and requesting that this court reverse the order and enter judgment based upon the jury's verdict.

■ Before considering that issue, we first must resolve defendant's contention that plaintiff cannot raise this issue on appeal because he failed to file a post-trial motion in the trial court. Defendant relies on section 68(1)(2) of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 68.1(2)) which states in part: "Relief desired after trial in jury cases . . . must be sought in a single post-trial motion." Under this section, it is generally true that in jury trials relief not sought in a post-trial motion cannot be urged as error on review. City Nat. Bank & Trust Co. of Rockford v. Almond, 42 Ill App2d 314, 192 NE2d 297 (1963). However in Keen v. Davis, 38 Ill2d 280, 230 NE2d 859 (1967), the court held that a post-trial motion was not necessary where the trial court granted a directed verdict, concluding at page 282:

> "We see nothing in the statute to indicate a legislative intent that a post-trial motion be filed after a directed verdict. In fact, the contrary is indicated since no such motion is required in non-jury cases (Section 68.3) or cases in which a jury has failed to reach a verdict (Section 68.1(5))."

See also Larson v. Harris, 77 Ill App2d 430, 222 NE2d 566 (1966), affirmed 38 Ill2d 436, 231 NE2d 421 (1967).

■ The reasoning in the above cases should apply even more cogently in the instant situation. On the morn-

ing after verdict, over objection of plaintiff, the trial court entered judgment contrary to the verdict which had been rendered. We conclude that it would be illogical to require the plaintiff to appear again before the same judge prior to seeking a review in this court. We therefore find that the plaintiff was not required to file a post-trial motion in order to preserve his appeal.

We next proceed to a consideration of plaintiff's contention that the action of the trial judge in entering judgment contrary to the jury verdict was erroneous. The defendant concedes that the verdict was proper on its face, but argues that the trial court, having determined the true intention of the jury, was compelled to enter judgment on that intention.

■ Jury verdicts generally cannot be impeached even by affidavit. Smith v. Illinois Valley Ice Cream Co., 20 Ill App2d 312, 156 NE2d 361 (1959) ; Palmer v. Poynter, 24 Ill App2d 68, 163 NE2d 851 (1960) ; Ault v. Washburn, 72 Ill App2d 161, 218 NE2d 108 (1966). In the instant case, there is not even an affidavit to support the action of the trial court.

In Loucks v. Pierce, 341 Ill App 253, 93 NE2d 372 (1950), the jury returned a verdict in favor of the defendant. The plaintiff filed a motion for a new trial, based upon an affidavit of a juror that there were some irregularities in the jury deliberations. The trial court granted the motion for a new trial, apparently on the basis of private investigations made by the judge. The court stated at page 256:

> "If the trial court based the allowance of the new trial upon his own extrajudicial investigation, it must be held error. The rights of litigants in a court of record cannot be left to the mercy of private remarks in the judge's ear."

152

In People v. Rivers, 410 Ill 410, 102 NE2d 303 (1951), a criminal case, the court reversed a conviction because of an extrajudicial investigation by the judge, and stated at page 419:

> "However innocently any private investigation may have been made, for whatever purpose, and regardless of its results, the defendants' constitutional right to have everything considered against them produced in open court has been violated."

In the instant case, the judgment order itself reveals that the court entered judgment for defendant contrary to the verdict because of a conversation he had with jurors after the verdict had been rendered and after the jury had been discharged. This conversation resulting as it did in the entry of the judgment amounted to a private extrajudicial investigation and clearly was erroneous.

Cases cited by defendant, Law v. Sanitary Dist. of Chicago, 197 Ill 523, 64 NE 536 (1902), Scheck v. Evanston Cab Co., 93 Ill App2d 220, 236 NE2d 258 (1968), are not in point. The Law case involved a verdict which required a correction of a legal description. The Scheck case involved a verdict in which the jurors had failed to sign the verdict which they had returned. In the case at bar, the verdict was complete and proper on its face. The court erred in entering a judgment contrary to the verdict, and now must enter judgment in favor of the plaintiff in accordance with the verdict.

One question remains; whether after remandment of the cause with directions to the trial court to enter judgment on the verdict, defendant may thereafter, for the first time, file a post-trial motion in the trial court.

This issue has been decided recently in Scoggins v. Village of Hartford, 104 Ill App2d 403, 244 NE2d 433

(1969). In that case, the jury returned a verdict for plaintiff, but the trial court, after entering judgment on the verdict, ruled that a release barred recovery and immediately thereafter vacated that judgment in favor of defendant. On appeal, the appellate court reversed the judgment and remanded the cause with instructions to reinstate the judgment on the verdict. Scoggins v. Village of Hartford, 86 Ill App2d 233, 229 NE2d 550 (1967). After remandment, defendant for the first time filed a post-trial motion. The trial judge ruled that the decision of the appellate court reinstating judgment precluded him from further consideration of any of the remaining matters in issue. He therefore summarily denied the post-trial motion and entered final judgment. In holding that this was erroneous, the appellate court stated at page 405:

> "Section 68.1(3) of the Civil Practice Act (c 110, Ill Rev Stats, 1967) provides that post-trial motions must be filed within 30 days after the entry of judgment. The judgment previously entered on the verdict was vacated immediately, and there was no reason for defendant to file a post-trial motion at that time. In filing its motion within 30 days of the date on which the mandate was filed in the circuit court, defendant complied with the statute."

In following the holding of the Scoggins case, we find that defendant has not been estopped from filing a proper post-trial motion, if desired, within 30 days after the mandate is filed in the circuit court.

Therefore the judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment in accordance with the verdict in favor of the plaintiff Cleophus Metcalfe, and against the defendant in the sum of $12,000. The cause is also remanded with directions, to allow the defendant to present an appropriate post-trial motion in the circuit court within 30 days

154

after the filing of this mandate, and for further proceedings consistent with this opinion.

Judgment reversed and cause remanded with directions.

LYONS, P. J. and BURKE, J., concur.