ANDREW F. TRIM, Plaintiff-Appellant, *v.* CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY, Defendant-Appellee.

(No. 55746; ▮▮▮▮▮▮▮

First District—May 5, 1972.

Piacenti, Cifelli & Pigato, of Chicago Heights, (Nicholas Liontakis, of counsel,) for appellant.

Jerry J. Hanenburg, of Chicago, for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

By this action plaintiff sought recovery for personal injuries allegedly incurred by him as a result of defendant's negligence. A jury returned a verdict in favor of defendant and plaintiff appeals contending that the trial judge's actions while the jury was in the jury room require a reversal of the judgment and a remandment of the case for a new trial.

After the evidence was concluded the jury retired to the jury room to deliberate. At some time during those deliberations the jury summoned the trial judge. It is that visitation of the trial judge to the jury room and the nature of what transpired therein that gives rise to this appeal. Shortly after the judge's visit, the jury returned a verdict in favor of defendant and judgment was entered thereon. In plaintiff's post-trial motion he urged the judge to vacate the verdict and judgment grounding that request upon the court's refusal to give a tendered jury instruction, a contention which has been abandoned on appeal, and the judge's action in communicating with the jury after deliberation had begun. Accompanying the post-trial motion was an affidavit of plaintiff's trial counsel,

who also represents plaintiff on this appeal, wherein counsel states *inter alia:* he and opposing counsel were present at all stages of the trial; the trial commenced at approximately 10:00 A.M. on November 12, 1970; the jury received its instructions at approximately 2:55 P.M. on the same day and at 5:15 P.M. the jury activated the buzzer light signal to summon its custodian; thereupon, the trial judge, without the consent of counsel of either of the parties and without a court reporter, entered the jury room and closed the door behind him, remaining in the room approximately one minute and thirty seconds; upon leaving the jury room, the judge retired to his chambers where, in the presence of defendant's attorney, he indicated to the affiant that the jury was deadlocked; approximately ten minutes after the judge left the jury room the jury returned its verdict of "not guilty." The post-trial motion was denied and this appeal followed.

Pursuant to Supreme Court Rules 323 and 329 and an order of this court defendant filed a supplemental record which contained a signed statement by defense counsel, who also represents defendant on this appeal, which the trial judge certified as correct. So much of that statement as pertains to this appeal is in substance as follows: the trial of this cause commenced at 10:00 A.M. on November 12, 1970, and both sides rested before the noon hour; the jury received its instructions at approximately 2:55 P.M. on the same day and returned to the jury room for deliberation; the buzzer signal was activated and the bailiff went to the jury room, opened the door, shut the door and proceeded to the chambers of the trial judge informing the judge that a juror desired to speak to the court; the judge went to the jury room, opened the door and entered the room whereupon a juror informed the judge that the jury had a question regarding the testimony; the judge told the jury that he could not answer such a question and he could not discuss the merits of the case with them; the judge left the jury room after spending no more than 15 seconds therein; the trial judge did not inform counsel for either plaintiff or defendant that the jury was deadlocked; at approximately 5:30 P.M. the jury returned a verdict of "not guilty" and the jurors were polled, each affirming that the verdict was his own.

Also included in the supplemental record was an affidavit by the trial judge which states in substance: that he was the trial judge in this cause which states in substance: that he was the trial judge in this cause which commenced at 10:00 A.M. on November 12, 1970, with both parties resting their case prior to noon; the jury was instructed and, at approximately 3:00 P.M., retired to the jury room for deliberation; at approximately 5:00 P.M. the bailiff came to the affiant in his chambers and advised him that a juror wished to speak to him; the affiant left his chambers, went to the jury room, opened the jury room door and was

told by a juror that the jury would like to ask a question concerning the testimony; affiant replied that the request could not be granted and he could not discuss any aspect of the trial with them; affiant returned to his chambers until approximately 5:30 P.M. when he was informed that the jury had reached a verdict; affiant returned to the courtroom and the jury foreman read the verdict of "not guilty" in favor of defendant; the jury was polled and each juror said the verdict was his own.

During oral argument before this court, counsel for plaintiff said he and opposing counsel were present in the courtroom when the incident at the jury room occurred. Defense counsel said he saw the judge enter the jury room and leave the door open but counsel could not hear what occurred.

*Opinion*

It becomes the task of the reviewing court to determine that either the jury room incident was of such minor significance that it is unnecessary to disturb the judgment of the circuit court or the incident requires a reversal of the judgment and a remandment of the cause for a new trial because as a result of the secrecy of the judge's communication to the jury it is not apparent that no injury resulted from the communication. The former disposition is appropriate in this case.

In *People v. Tilley* (1952), 411 Ill. 473, 104 N.E.2d 499, the Supreme Court was called upon to review the effect of the conduct of a judge who went to the jury room and "inquired as to the possibility of a verdict, and, in response to questions by the jurors, advised them to read their instructions, explained that any new ones would have to be made in the presence of defendant and the attorneys, and stated that defendant in signing the waiver did not admit performing an abortion." The Court went on to say at 411 Ill. 478, 104 N.E.2d 502:

"While the action of the judge in communicating at all with the jurors under these circumstances was highly imprudent, it is clear that the statements, in themselves, could by no possibility work an injury to defendant's interest. The communication was neither prejudicial to him nor calculated to influence the jury.

\* \* \*

As we observed in the *Brothers* case: 'Privacy of jury deliberations should be zealously protected against invasion, but the cardinal test on a motion to set aside a verdict on that ground is whether or not the invasion was calculated to influence the verdict of a jury. If it was not so calculated it would be idle to disturb a verdict.' "

In *Emme v. Pennsylvania R.R.* (1961), 29 Ill.App.2d 97, 172 N.E.2d 507, the court was confronted with a situation where the judge, in response to the request of the jury foreman and without the presence of

plaintiff's attorney, went to the jury room and while standing in the open doorway was asked if the verdict had to be unanimous. The judge responded affirmatively and 15 minutes later the jury returned its verdict which plaintiff contended was inadequate. The reviewing court after noting the practice in the past of strictly prohibiting communication between the judge and jury once deliberations had begun said at 29 Ill.App.2d 102, 172 N.E.2d 509:

> "Necessity and common sense have brought about a relaxation of that severe discipline. It is now the rule both in civil and criminal cases that a verdict will not be set aside when it is apparent no injury resulted from a communication to the jury either by the court or by third persons. *People v. Brothers*, 347 Ill. 530, 548, 180 N.E. 442, 448; *People v. Tilley*, 411 Ill. 473, 104 N.E.2d 499."

■■ The affidavits and statements of the attorneys and trial judge are conflicting with respect to the time spent by the judge in discussion with the jury, the amount of time which elapsed between the judge's visit to the jury room and the return of the verdict by the jury, and whether or not the judge, upon his return to chambers informed the attorneys that the jury was deadlocked. The documents also present an ambiguity over whether the judge entered the jury room and closed the door behind him. It is unnecessary, however, for this court to become involved in the resolution of those conflicts as the trial judge certified defense counsel's statement as the correct version of what occurred. Accompanying that certificate of correctness is the trial judge's affidavit which substantiated, in all material respects, the certified version of the events which transpired in the courtroom. This supplemental record is accepted as true and correct by this court. See Supreme Court Rule 329.

The record and supplement thereof reveals that the judge, at the jury's request, entered the jury room and, in response to the question of a juror, told the jury that he could not answer the question concerning the testimony and further stated that he could not discuss the merits of the case with them. It is apparent that this communication did not and could not result in any injury and it was not calculated to influence the jury's verdict. Plaintiff's argument makes much of the "secret" nature of the incident because it was beyond the hearing of counsel, but that is hardly relevant to the disposition of this appeal as it is the communication itself which is crucial.

■■ Thus, while the action of the trial judge in entering the jury room and conversing with the jurors while counsel for both parties remained in open court gives rise to the appearance of impropriety which could have been easily avoided by having the jury returned to open court where, in the presence of a court reporter and counsel for both

plaintiff and defendant, the judge could have listened to the jury's question and made the appropriate response, it does not require a reversal of the jury verdict and a remandment of the cause for a new trial.

The judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.