KENNETH KOHLER, Plaintiff-Appellee, *v.* CENTRAL & SOUTHERN TRUCK LINES, INC., *et al.*, Defendants-Appellants.

Fifth District    No. 74-411

Opinion filed January 10, 1977.—Rehearing denied February 25, 1977.

Stanley W. Narusis, of Fowler & Novick, of Marion, for appellants.

Harris and Lambert, of Marion, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff-appellee, Kenneth Kohler, brought an action to recover damages for personal injuries in the Circuit Court of Union County against the defendants-appellants, Andrew G. McTeer and Central & Southern Truck Lines, Inc. The case was tried before a jury. On March 29, 1974, after all the evidence was presented, the jury was instructed to complete both standard general verdict forms and a special interrogatory asking whether plaintiff was guilty of contributory negligence. The jury returned a negative answer to the special interrogatory, but a general verdict for the defendants.

Plaintiff subsequently filed a post-trial motion seeking either the entry of judgment in his favor or a new trial. The motion asserted that a new trial was required because the trial judge "conferred and conversed" with one of the jurors after the jury had retired to consider its verdict. The

trial court decided that a new trial was necessary because of his unauthorized communication with the juror. Plaintiff's motion also raised other grounds for relief, but these were specifically denied by the court and are not involved in this appeal. Defendants then filed a petition in this court for leave to appeal from the order granting a new trial, which we granted. Ill. Rev. Stat. 1975, ch. 110A, par. 306.

On appeal, defendants argue that it was improper for the court to grant a new trial because the communication between judge and juror was not prejudicial to the plaintiff. Before reaching the merits of this argument, however, we must resolve two preliminary matters concerning the record on appeal.

The record on appeal contains only a brief reference to the hearing on plaintiff's post-trial motion. No testimony was taken; therefore, no report of proceedings was prepared and presented to the trial court by the appellant nor was an agreed statement of facts filed with the trial court as provided by Supreme Court Rules 323(c) and (d). (Ill. Rev. Stat. 1975, ch. 110A, pars. 323(c), (d).) After the hearing on plaintiff's post-trial motion, the defendants, apparently aware of the appellants' duty to provide a record for the reviewing court, requested that the trial judge prepare and file a document reciting the factual details of his communication with the juror. In accordance with this request, the trial judge filed a "Statement of Fact" along with his order granting a new trial. Both documents were filed on November 8, 1974, more than seven months after the trial. The "Statement of Fact" was incorporated in the record on appeal.

According to the "Statement of Fact," the jury retired to consider its verdict at about 3 p.m., and was deliberating at 9 p.m. At that time, the only people remaining in the courtroom were the plaintiff and his wife, counsel for the parties, and the trial judge. The official court reporter had been excused and was no longer present. The bailiff entered the courtroom and announced that one of the jurors wished to speak with the judge. The judge then walked through the open courtroom door, across a narrow corridor, through a second open doorway, and into an anteroom. The attorneys, who were chatting with the judge when the bailiff made his announcement, followed him to the courtroom doorway, but it is not clear whether they went any farther. As the judge entered the anteroom, he saw the jury foreman, standing in front of a closed door which led into the jury room. The juror immediately asked, "in substance," if it were necessary for all the jurors to sign the special interrogatory or if a majority were sufficient. The judge answered that all the jurors had to sign it. The juror then returned to the jury room, and the judge returned to the courtroom. The judge immediately informed the attorneys of what had transpired; no objection was made. The jury returned to the courtroom approximately one-half hour later, and the clerk read both its answer to

the special interrogatory and the verdict. Neither party requested a poll of the jury, and it was discharged.

The plaintiff now asserts that the "Statement of Fact" may not properly be considered part of the record. He argues that the document represents an attempt to supplement the record with the judge's recollection, a practice recently proscribed by our supreme court in *Hartgraves v. Don Cartage Co.*, 63 Ill. 2d 425, 348 N.E.2d 457 (1976). Defendants argue that the judge's "Statement of Fact" is merely a recital of his reasons for granting a new trial and that, therefore, it may properly be included in the record. Ill. Rev. Stat. 1975, ch. 110A, par. 323(a); *Turner v. Commonwealth Edison Co.*, 35 Ill. App. 3d 331, 341 N.E.2d 488 (5th Dist. 1976); *McElroy v. Patton*, 130 Ill. App. 2d 872, 265 N.E.2d 397 (5th Dist. 1970).

■■ We have stated on a number of occasions that when a new trial is granted, a concise statement of findings or reasons should be incorporated into the record by the trial judge so that the reviewing court may know what prompted his action. The document presently under consideration, however, is not a concise statement of findings or reasons; it is a recital of facts never formally introduced at the hearing which appear nowhere else in the record. It would, therefore, be improper to admit the "Statement of Fact" into the record merely by giving it a different, and inappropriate, title.

Although we reject defendants' rationale, we agree that the "Statement of Fact" should be included in the record. The trial judge in this case found himself in the rather awkward position of being both the judge and witness to his own conduct. Although this situation frequently arises in cases involving contact between judge and juror, no single method has been adopted for entering the trial judge's knowledge into the record, nor has the issue received any discussion in the cases. For instance, in *People v. Harmon*, 104 Ill. App. 2d 294, 244 N.E.2d 358 (1st Dist. 1968), the trial judge merely stated for the record his recollection of what occurred when the jury attempted to communicate with him outside the presence of counsel. In another case involving similar circumstances, *Trim v. Chicago & Eastern R.R. Co.*, 5 Ill. App. 3d 939, 284 N.E.2d 499 (1st Dist. 1972), the trial judge prepared an affidavit which was then added to the record pursuant to Supreme Court Rules 323 and 329. (Ill. Rev. Stat. 1975, ch. 110A, pars. 323, 329.) In both cases, the reviewing courts, without discussion, considered the trial judges' statements as properly before the reviewing court as competent evidence of what had transpired.

The details of the conversation between the judge and the juror were not seriously disputed at the hearing on plaintiff's post-trial motion. Counsel for both sides relied completely upon the judge's personal knowledge of the incident and, apparently, did not offer other extrinsic

evidence. The reason for this is apparent. The "Statement of Fact" indicates that counsel for the parties were present when the bailiff informed the judge that one of the jurors wished to speak with him; that counsel followed the judge part of the way to the jury room, although not far enough to hear what was said; and that the judge immediately informed counsel of the contents of his conversation with the juror. In short, we believe the record, taken as a whole, necessitates the conclusion that the parties either acquiesced in or approved the minor oral clarification of the instruction requiring a unanimous verdict in answering the special interrogatory. (Ill. Rev. Stat. 1975, ch. 110, par. 67(1); *Hunter v. Smallwood*, 28 Ill. App. 3d 386, 328 N.E.2d 344 (3rd Dist. 1975).) In other words, the parties at the post-trial hearing were well aware of what transpired in the conversation between judge and juror, and proceeded on what could almost be characterized as an agreed statement of facts.

■■ Although plaintiff points out in his brief that the "Statement of Fact" was filed many months after the trial, he does not argue that it is factually inaccurate, or that it varies in any way from the version related by the judge immediately after the incident occurred. Supreme Court Rule 329 invests the appellate court with broad power to insure that the record on appeal is complete and accurate. (Ill. Rev. Stat. 1975, ch. 110A, par. 329.) In *Ray v. Winter*, 39 Ill. App. 3d 567, 350 N.E.2d 331 (5th Dist. 1976), we held that the failure to obtain the trial court's certification of the report of proceedings was a "material omission" which the reviewing court could supply under Rule 329. We feel that Rule 329 also empowers us to treat the court's "Statement of Fact" as properly part of the record under these circumstances. This disposition comports with both the policy underlying Rule 329 and considerations of fairness.

■■ On December 13, 1974, more than a month after the court entered its order granting a new trial, plaintiff filed the affidavit of Anna R. Boswell, who had been one of the jurors in the case. Defendants filed a motion to strike and expunge this affidavit from the record. The circuit court granted defendant's motion to strike, but denied the motion to expunge. Plaintiff now argues that it was improper for the court to strike Ms. Boswell's affidavit. We do not agree. The mere fact that Anna Boswell's affidavit was filed does not make it part of the record. (See *Burroughs v. Burroughs*, 1 Ill. App. 3d 697, 706, 274 N.E.2d 376, 383 (3d Dist. 1971).) The affidavit could not possibly have been considered by the trial court in ruling on plaintiff's motion for a new trial because it was filed after the motion was granted. The affidavit did not suggest that the foreman told the jury anything more than that their verdicts, both general and the special interrogatory, had to be unanimous. The additional matter contained in the affidavit dealt with the juror's particular impressions during the course of deliberations and indicated her intended verdict was

inconsistent with her actual verdict, if we would attribute the meaning to it suggested by plaintiff. So considered, it would be a blatant attempt by the individual juror to impeach her verdict. There is no other suggestion of confusion on the part of the jury, unlike the factual situation present in *Hunter v. Smallwood,* where the court declined to clarify confusion in the minds of members of the jury as to the meaning of verdict forms. In *Hunter,* the fact of jury confusion appeared of record; the holding does not stand for the proposition that a juror may impeach his verdict. The law of Illinois is clearly otherwise. (*Palmer v. Poynter,* 24 Ill. App. 2d 68, 163 N.E.2d 851 (4th Dist. 1960); *Schiff v. Oak Park Cleaners and Dyers, Inc.,* 9 Ill. App. 2d 1, 132 N.E.2d 416 (1st Dist. 1956); *Ault v. Washburn,* 72 Ill. App. 2d 161, 218 N.E.2d 108 (3d Dist. 1966).) The court was justified in granting defendants' motion to strike because it is improper to allow plaintiff to supplement the record with new evidence never considered by the trial court. *Joseph D. Foreman & Co. v. Neri,* 6 Ill. App. 3d 313, 285 N.E.2d 528 (1st Dist. 1972).

■■ Our resolution of the foregoing issues requires a reversal of the circuit court's decision to grant a new trial. In Illinois a jury verdict will not be set aside because of an unauthorized communication with the jury unless the moving party demonstrates that he was prejudiced. (*People ex rel. Walker v. Pate,* 53 Ill. 2d 485, 505, 292 N.E.2d 387, 398-99 (1973); *People v. Tobe,* 49 Ill. 2d 538, 276 N.E.2d 294 (1971); *People v. Canaday,* 49 Ill. 2d 416, 426, 275 N.E.2d 356, 362 (1971); *People v. Rogers,* 23 Ill. App. 3d 115, 318 N.E.2d 715 (5th Dist. 1974); *People v. Longstreet,* 2 Ill. App. 3d 556, 276 N.E.2d 825 (5th Dist. 1971).) Aside from the affidavit of Anna Boswell, the record indicates only that the jury foreman asked whether all the jurors had to sign the special interrogatory, and that the trial judge responded affirmatively. The court informed counsel of the question and answer given. No objection was made by counsel. The jury subsequently returned an answer to the interrogatory which was favorable to plaintiff's cause. Therefore, even assuming that the jurors misinterpreted the trial judge's remark, their error could only have worked in plaintiff's favor. We, therefore, hold that the granting of the new trial was a clear abuse of the trial court's discretion. It is apparent that no prejudice resulted from the brief conversation between the court and the jury foreman. The incident was of so little significance at the time of occurrence that neither party made any objection or comment.

The decision of the Circuit Court of Union County is reversed and the cause remanded with directions to enter judgment on the jury verdict.

*Reversed and remanded.*

JONES and G. J. MORAN, JJ., concur.